UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

| Present: The Honorable | A. Howard Matz | | |
|---|---|---|---|
| S. Eagle | N/A | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| No Appearance | | No Appearance | |

**Proceedings:**     In Chambers

## I.   INTRODUCTION

On June 19, 2009 Plaintiffs Diane Tobin ("Tobin") and Theodore Liebovich ("Liebovich") (together, "Plaintiffs") filed a Complaint in California state court against Defendant Transamerica Life Insurance Company ("Defendant").  On July 23, 2009, pursuant to 28 U.S.C. § §1332, 1441, and 1446, on the grounds that there is complete diversity between Plaintiffs, who are citizens of the State of California, and Defendant, who is a citizen of the State of Iowa, Defendant removed the action to this Court.

On August 11, 2009, Defendant brought a motion to dismiss the Complaint and the three causes of action stated therein on the grounds that the each failed to state a claim upon which relief can be granted ("Motion to Dismiss").  Fed. R. Civ. P. 12(b)(6).  On September 1, 2009, Plaintiffs filed their opposition to Defendant's motion to dismiss, requesting that this Court deny Defendant's motion to dismiss ("Opposition").  On September 14, 2009, Defendant filed a reply to Plaintiffs' opposition, requesting that this Court dismiss Plaintiffs' three causes of action, all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

with prejudice ("Reply").

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss Plaintiffs' Complaint, but with leave to amend.

## II.  FACTUAL BACKGROUND

Plaintiff Tobin alleges that she is a Trustee of the Theodore and Shirley Liebovich Irrevocable Trust. (Compl. ¶1.) Plaintiff Tobin alleges that on July 24, 1991, she was issued, "as owner," a life insurance policy ("Policy") by Defendant. (Compl. ¶5.) Plaintiff Liebovich alleges that he is one of the lives insured under the Policy. (Compl. ¶11.)[1] Plaintiffs allege that, pursuant to the Policy provisions, after the first five years of the Policy, they were given the right to vary the amount of the premiums due under the Policy and how often the premiums were paid. (Compl. ¶17; Ex. A at 2, 10.) Plaintiffs allege that the Policy made clear that if it had insufficient accumulation value to cover monthly deductions made by Defendant, Plaintiff Tobin would be notified and given 31 days to make the necessary premium payment to prevent the Policy from lapsing. (Compl. ¶42; Ex. A at 10.) Plaintiff Tobin alleges that on July 30, 2008, Defendant sent her a notice warning her that the Policy was in danger of lapsing, requesting a premium payment of $12,512.64 to keep the Policy in force, and giving her 31 days to pay ("Notice"). (Compl. ¶33; Ex. A.) Plaintiff Tobin alleges that she did not pay the premium requested by the Notice and on October 22, 2008, received a letter from Defendant stating that the Policy had lapsed. (Compl. ¶40; Ex. C.) Plaintiffs allege that this letter was "erroneously based on a purported failure to pay an increase in premiums which was not in effect [because] the notice requirements of

---

[1] Plaintiff Liebovich alleges that he sues to enforce the rights of himself and as representative of his wife Shirley Liebovich, whose life is jointly insured with his under the terms of the Policy, but who is not a party to this action. (Compl. ¶11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

[California] Insurance Code §10113.7 for increase in premiums had not been complied with." (Compl. ¶41.)

Plaintiffs allege that on October 28, 2008, after having received notice that the Policy had lapsed, they applied to reinstate the Policy and submitted to Defendant the information required to process a reinstatement request for both Plaintiff Liebovich and Mrs. Liebovich. (Compl. ¶47.) Plaintiffs allege that, under the Policy, the procedure for reinstatement requires that certain conditions be satisfied by the insured.² (Compl. ¶46.) Plaintiffs allege that on January 5, 2009, Defendant denied their reinstatement request. (Compl. ¶48.) Plaintiffs allege that, thereafter, they requested that "all material facts concerning the reinstatement decision be provided to them." *Id.* Plaintiffs allege that on January 28, 2009, Defendant sent both Plaintiff Liebovich and Mrs. Liebovich a letter explaining why their requests were denied.³ *Id.*

On June 19, 2009, Plaintiffs brought suit against Defendant alleging three causes of action: (1) breach of contract; (2) to void a forfeiture; and (3) breach of the implied covenant of good faith and fair dealing.

## III.   LEGAL STANDARDS GOVERNING RULE 12(b)(6) MOTIONS

---

²As discussed, *infra*, the fourth condition of the reinstatement procedure requires the insured to present "[e]vidence of insurability satisfactory to [Defendant]." (Compl., Ex. A at 11.)

³In the letter to Plaintiff Liebovich, Defendant wrote "[o]ur decision [not to reinstate] was influenced by information received from Dr. Herbert Stein regarding your medical history of referral for colonoscopy and abnormal labs which is considered significant for insurance purposes." (Compl., Ex. D.)  In the letter to Mrs. Liebovich, Defendant wrote "[o]ur decision [not to reinstate] was influenced by information received from Dr. Herbert Stein regarding your medical history of 2/08 admittance to Garden of Palms and worsening memory which is considered significant for insurance purposes." (Compl., Ex. E.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"Two working principles underlie . . . *Twombly*." *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "First, the tenet that a court must accept as true

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949-50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 15(a) advises that the "court should freely give leave [to amend the complaint before trial] when justice so requires." "This policy is to be applied with extreme liberality" to comply with the underlying purpose of facilitating decisions on the merits. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003 (per curiam) (internal citations omitted).

## IV.   ANALYSIS

### A.   Plaintiff Liebovich's Standing

Defendant contends that this Court should dismiss Plaintiff Liebovich's causes of action because he was not in privity of contract with Defendant, and therefore lacks standing to assert claims for relief for breach of contract or breach of the implied covenant of good faith and fair dealing against Defendant. (Motion at 4-5.) Plaintiff Liebovich argues that he has standing because his life is insured by the Policy, because he signed the Policy and because he paid premiums on the Policy. (Opposition at 21-22.)

It is clear that "[o]nly parties in privity of contract have standing to sue under a contract." *Grant v. State Farm Life Ins. Co.,* 2007 WL 3119738, at *3 (E.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

Oct. 23, 2007) (applying California law) (internal citation omitted).[4]  Accordingly, "only insureds and their beneficiaries have standing to sue for damages resulting from an insurer's withholding of policy benefits from an insured." *Austero v Nat'l. Cas. Co.,* 62 Cal. App. 3d 511, 515-16 (Cal. Ct. App. 1978). The Complaint alleges that Plaintiff Tobin is the owner of the Policy and that Plaintiff Liebovich's life is insured under the policy.  He is suing to enforce his interest as a covered insured and has standing to do so.  The Court DENIES this basis for Defendant's motion to dismiss Plaintiff Liebovich's claims.

### B.     Breach of Contract (First Cause of Action)

Defendant contends that this Court should dismiss Plaintiffs' breach of contract claim because it fails to allege facts sufficient to support a finding that Defendant breached the Policy.  In California, a cause of action for breach of contract must allege four elements: (1) the existence of a valid contract between the parties; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's unjustified or unexcused failure to perform; and (4) damages to plaintiff caused by the breach.  *Foley v. Bates,* 2007 WL 1430096, at *4 (N.D. Cal. May 14, 2007) (citing *Lortz v. Connell,* 273 Cal. App. 2d 286, 290 (Cal. Ct. App. 1969)).

First, Plaintiffs allege that Defendant "adjusted the premiums to be paid" without giving notice to Plaintiffs and therefore breached the Policy by "failing to comply with California Insurance Code §10113.7 when making requests for payment of an increase in life insurance premiums." (Compl. ¶59.A.)  Section 10113.7, states that any "increase of premium on an individual life insurance policy

---

[4]The parties do not dispute that the Policy at issue in this lawsuit is governed by California law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

that provides for premium changes *by the insurer* is not effective unless written notice is delivered to the policyholder...not less than 20 days prior to the effective date of the increase." Cal. Ins. Code §10113.7 (emphasis added).[5]

The Policy contains two primary payment requirements: First, the Policy requires the policy owner to pay "at least the minimum premium per year during the first 5 policy years." (Compl., Ex. A at 2, 3, 10.) Second, the Policy makes clear that after the first five years, the *owner* "may vary the amount of premiums" and how often the premiums are paid. It also provides that Defendant will "accept any amount [the owner] [sends] as a premium payment while the policy is in force." *Id.*

---

[5]Section 10113.7 in its entirety reads:

(a) An increase of premium on an individual life insurance policy that provides for premium changes by the insurer is not effective unless written notice is delivered to the policyholder, or mailed to his or her last known address as shown by the records of the insurer, not less than 20 days prior to the effective date of the increase. If the notice is sent with or contained as part of an ordinary premium or renewal invoice or payment request, the notice of increase shall be prominently displayed and stated separately from the ordinary statement of the amount due.

(b) This section shall not apply to premium increases resulting directly from changes in coverage requested by the policyholder, or when the insurer has previously disclosed, in writing, either at the time the policy was issued or during the life of the contract, a specific date of change of premium, and the new premium amount.

(c) Nothing in this section shall be construed to limit application of any other provision of law, nor shall it be construed to prevent application of any contractual provision affording greater rights to the policyholder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

at 2, 10 (emphasis added).  Under the Policy, Defendant is required to provide Plaintiff Tobin with a statement at least once a year showing the value of the policy, the premiums and charges to date.  *Id.* at 18.  The policy remains in force for sl long as there is enough remaining in "accumulated value" of premiums to enable Transamerica to withdraw a "monthly deduction."  The Policy also states that if its accumulated value is insufficient to cover the monthly deductions, the policy owner must make a payment sufficient to cover the deficiency, or the Policy will lapse.  *Id.* at 10.  If additional payments are necessary, the Policy describes the formulas on which Defendant relies to calculate the required amounts.  *Id.* at 10-12.

Defendant contends that the plain language of §10113.7 indicates that it applies to policies with fixed premium payments that an *insurer* wishes to increase.  As the language of the Policy indicates, however, premiums are flexible and *within the policy owner's control*.  It was Plaintiff's failure to make a payment sufficient to cover the monthly deductions that caused the Policy to lapse, not an increase in any sort of fixed premium payment determined by Defendant.  Thus, argues Defendant, the policy is not subject to §10113.7.

In their Opposition (but not the complaint) Plaintiffs attempt to equate the Policy's monthly deductions with premiums in order to argue that the Policy is subject to §10113.7.  (Opposition at 2-6, ("The monthly premium actually charged to the insureds...primarily consists of the 'Monthly Deduction.'") Here is how plaintiffs put it:

> The policy issued to plaintiffs gives Transamerica the right to use any "Monthly Deduction Rate" so long as it does not exceed the "Guaranteed Monthly Deduction Rate."  (Policy, "Monthly Deduction Rages," page 8, second para.)  *That policy provision leaves to Transamerica the right to change the "premium."*  The amount of premium is a direct function of how

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

much money Transamerica will be taking from accumulated policy funds for itself each month from the money the insureds have paid in premiums. That right to change the amount that Transamerica may take from premiums is a part of the "flexible premiums" described in the policy. (Policy, "Premiums," page 6, para. 3, "You may part premiums at any time, but only if the amount of each premium is at least $25." See also "Policy Summary" - "After that [5 years] you may vary the amount of premiums and how often you pay them, within certain limits." Policy, page 1A.) The premium is flexible; it changes as the cost of insurance, the amount the insurer may take out of monthly premiums or accumulated funds, changes. The cost of insurance is primarily the "Monthly Deduction." Change the amount of that "Monthly Deduction," which the insurer is authorized to take out and the insurer changes the premium. Transamerica retained the right to make such changes in the premium. The policy states that Transamerica ". . . will determine the monthly deduction rate for each policy year at the beginning of that year." (Policy, page 6, above.)

This argument fails because the Policy clearly differentiates between monthly deductions, which it defines as the amount Defendant "withdraws from the accumulation value at the end of each policy month," and premiums, which as discussed, *supra*, are set by the policy owner. (Compl., Ex. A at 2, 4, 7 and 10.) Furthermore, the Policy's definitions of premiums do not reference the monthly deductions other than to state that when the value of the policy is insufficient to cover the monthly deductions, the owner is required to make a payment sufficient to cover the deficiency, or else the policy will lapse. *Id.* at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

Second, Plaintiffs allege that Defendant breached the Policy by failing to notify them that the "grace period"[6] had begun. The Policy required Defendant to notify Plaintiff Tobin that if the Policy went into the grace period, she was required to "pay a premium large enough to keep the Policy in force before the 31 days are up," and that if she failed to "pay enough of a premium, and [the Policy had] no net cash value, [the] Policy [would] lapse." (Compl., Ex. A at 10.) In the Notice, Defendant informed Plaintiff Tobin, "[y]our valuable life insurance policy is in danger of lapsing. The accumulation value is no longer sufficient to cover the cost of the insurance." (Compl., Ex. B.) The Notice indicated the specific deficiency and that Plaintiff Tobin had to pay $12,312.64 to maintain the Policy, and went on to warn "[p]lease note that we must receive your premium payment no later than August 31, 2008." *Id.*

Plaintiffs argue that Defendant breached the Policy by not using the specific word "grace period" in the Notice. This argument fails. The Policy does not require Defendant to use the specific term "grace period." Plaintiffs nevertheless argue that the Policy "should be read as a layman would read it and not as it might be analyzed by an attorney or insurance expert." (Opposition at 13; *Crane v. State Farm Fire & Cas. Co.,* 5 Cal. 3d 112, 115 (1971).) Even so, based on the plain language in the Policy, what a layman would expect is that Defendant would send the promised notification, not that the notice would necessarily contain the specific term "grace period." In short, the notice satisfies the Policy's requirements, as it informed Plaintiff Tobin that the accumulation value of the policy was insufficient to cover the monthly deduction or cost of the insurance and that she had 31 days in which to pay the additional premium necessary to prevent the Policy from lapsing.

---

[6]Under the Policy, "grace period" is defined as "a period of 31 days after a monthly date when the accumulation value minus any loan is less than the monthly deduction due. . ." (Compl., Ex. A at 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

Thus, Plaintiffs have failed to allege facts sufficient to support a finding that Defendant breached the Policy by failing to comply with its notification requirements.

Therefore, this Court GRANTS Defendant's motion to dismiss the breach of contract cause of action. Plaintiffs are given leave to amend, if consistent with Rule 11 and this ruling they can frame a tenable claim for breach of contract. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

### C. "Void a Forfeiture" (Second Cause of Action)

In their second cause of action, Plaintiffs allege that Defendant's wrongful conduct caused the Policy to be forfeited and ask the Court to "void" this forfeiture. (Compl. ¶¶ 64-73.) Defendant seeks dismissal of this cause of action because it is a remedy, not an independent cause of action. Plaintiffs contend that case law and California Civil Code §3275 provides a basis for a cause of action of "void of forfeiture" in that they provide an "action for equitable relief to void or set aside a forfeiture." §3275 is titled "[r]elief in case of forfeiture" and provides that whenever a party to an obligation "incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty." Cal. Civ. Code §3275. None of the cases on which Plaintiffs rely states that a cause of action described as "void of forfeiture"exists. *Crump v. Northwestern National Life Ins. Co.,* 236 Cal. App. 2d 149, 151-53 (Cal. Ct. App. 1965) (holding that in an action for declaratory relief "[f]orfeitures, particularly in insurance contracts, are not favored"); *Kwan v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

*Mercedes Benz of No. America,* 23 Cal. App. 4th 174, 185 (Cal. Ct. App. 1994) (holding where Plaintiff alleged a "violation of the refund-or-replace provision of the Song-Beverly Consumer Warranty Act," that "for purposes of relief from forfeiture. . .failure to make a required payment, although intentional, might not be 'willful' where obligor reasonably disputed whether the payment was in fact owed"); *Crofoot v. Weger,* 109 Cal. App. 2d 839, 840-41 (Cal. Ct. App. 1952) (holding that in a breach of contract action, only "[b]y the prayer" did plaintiffs seek "to be relieved of the forfeiture"); *Gonzalez v. Hirose,* 33 Cal. 2d 213, 216-17 (Cal. 1948) and *Barkis v. Scott,* 34 Cal. 2d 116, 123 (1949) (both holding that relief from forfeiture may be appropriate in an action for quiet title); *Freedman v. Rector, Wardens & Vestrymen of St. Matthias Parish,* 37 Cal.2d 16, 20-21 (Cal. 1951) (holding that relief from forfeiture may be appropriate in an action for breach of contract).

Therefore, because "void a forfeiture" is not an independent cause of action, this Court GRANTS Defendant's motion to dismiss this cause of action, but with leave to amend to seek such relief as a remedy for substantive violations.

### D. Breach of the Implied Covenant of Good Faith and Fair Dealing (Third Cause of Action)

Plaintiffs contend that Defendant breached the implied covenant of good faith and fair dealing ("implied covenant") by wrongfully allowing the Policy to lapse and then arbitrarily declining Plaintiffs' application for reinstatement. (Opposition at 21.) "[I]nsurance contracts include an implied covenant of good faith and fair dealing," which is breached when "something more than a breach of the contract or mistaken judgment" is involved. *Century Sur. Co. v. Polisso,* 139 Cal. App. 4th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

922, 948-49 (Cal. Ct. App. 2006). Thus, to establish a claim for breach of the implied covenant, an insured must show that: "(1) benefits due under the policy were withheld and (2) the reason for withholding the benefits was unreasonable or without proper cause." *Id.* at 949 (internal citation omitted). The implied covenant may not "prohibit a party from doing that which is expressly permitted by an agreement." *Carma Developers (Cal.) Inc., v. Marathon Dev. Cal.,* 2 Cal. 4th 342, 374 (Cal. 1992).

Plaintiffs contend that Defendant breached the Policy, and thereby the implied covenant by "wrongfully declaring and treating" the Policy as having lapsed and by "denying the continued existence of the Policy." (Compl.¶59; Opposition at 21.) This argument fails. As discussed, *supra*, the Policy states clearly that if Plaintiffs did not pay sufficient premiums by a specific date, the Policy would lapse. (Compl. ¶ ¶59.C-D.) Plaintiffs do not dispute that they failed to pay the requested premiums by the specific date. Furthermore, their request to reinstate the policy recognized that it had lapsed. Thus, Plaintiffs have failed to allege facts sufficient to support a finding that Defendant breached the Policy, and thereby the implied covenant, by declaring that the Policy had lapsed.

Plaintiffs also contend that Defendant breached the policy, and thereby the implied covenant, by "failing and refusing to reasonably provide [them] with the Right to Reinstatement." (Compl. ¶59; Opposition at 21.) Under the Policy, reinstatement of a lapsed policy is subject to certain conditions. (Compl., Ex. A at 11.) The fourth condition ("Condition 4") requires the insured to present "[e]vidence of insurability satisfactory to [Defendant]." [7] *Id.* The Complaint

---

[7] **Reinstatement** requirements similar to this condition have been upheld. *See Kennedy v. Occidental Life Ins. Co.,* 18 Cal.2d 627, 635 (1941) (holding that a denial of a request for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

alleges that after the Policy lapsed, Plaintiff Liebovich applied for reinstatement on behalf of himself and Mrs. Liebovich. (Compl. ¶47.) On January 5, 2009, Defendant denied reinstatement. (Compl. ¶48.) On January 28, 2009, Defendants wrote a letter responding to Plaintiff and Mrs. Liebovich's request for an explanation as to why reinstatement was denied. (Compl., Exs. D-E.) Defendant told Plaintiff Liebovich that it decided not to reinstate the Policy with respect to him because his medical history of "abnormal labs" was "considered significant for insurance purposes." (Compl., Ex. D.) Defendant told Mrs. Liebovich that it had decided not to reinstate the Policy with respect to her because her medical history indicated a "worsening memory which is considered significant for insurance purposes." (Compl., Ex. E.) Plaintiffs have failed to allege facts to support their argument that those denials of reinstatement were arbitrary or that the reasoning behind them was inadequate. But this Court believes they may be able to do so. What Transamerica appears to have done here comes close to being reprehensible. It received a huge amount of premium payments over a lengthy period and then when these elderly insured failed to respond to the notice of a pending lapse, Transamerica pulled the proverbial plug. In the context of medical and health insurance, comparable practices by insurance companies have been widely (and

soundly) blasted as unacceptable and contrary to the public interest. Perhaps these plaintiffs can state a better claim, so they are given leave to amend.

---

reinstatement under a "satisfactory evidence of insurability" clause will be upheld so long as the insurer does not act "arbitrarily or capriciously" and as long as the evidence submitted "would be satisfactory to a reasonable insurer.").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-05356 AHM (RCx) | Date | November 12, 2009 |
|---|---|---|---|
| Title | *Tobin v. Transamerica Life Insurance Co.* | | |

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | se |